UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY FARRAR, | ) | FILED: MARCH 17, 2009 |
| | ) | 09CV1671 |
| Plaintiff, | ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| v. | ) No. | BR |
| | ) | |
| MERCHANTS CREDIT GUIDE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GREGORY FARRAR (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against MERCHANTS CREDIT GUIDE COMPANY (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Carbondale, Jackson County, Illinois

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant has a business office in Chicago, Cook County, Illinois, and conducts business throughout Illinois.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff from 618-937-1817 and 618-923-1877.

13. Defendant calls Plaintiff and hangs up without leaving a message.

14. Defendant does not disclose the caller's identity.

15. Defendant does not disclose that the call is from a debt collector.

16. Defendant told Plaintiff, "why don't we go over to the sheriff's office and tell him you [Plaintiff] owe a bunch of money."

17. Defendant called Plaintiff a "deadbeat."

18. Defendant threatened to take Plaintiff to court.

19. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(2)* of the FDCPA by calling Plaintiff a "deadbeat."

   b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692d(6)* of the FDCPA when Defendant called Plaintiff without meaningful disclosure of the caller's identity because Defendant hung up the telephone without leaving a message.

   d. Defendant violated *§1692e(5)* of the FDCPA when Defendant threatened to take legal action against Plaintiff even though Defendant has not and does not intend to do so.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant said to Plaintiff, "why don't we go over to the sheriff's office and tell him you [Plaintiff] owe a bunch of money."

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant threatened to take legal action against Plaintiff even though Defendant has not and does not intend to do so.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant failed to disclose in subsequent communications that the call was from a debt collector.

    h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant called Plaintiff and hung up without leaving a message.

    i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant failed to disclose the caller's identity.

    j. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call was from a debt collector.

    k. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, GREGORY FARRAR, respectfully requests judgment be

entered against Defendant, MERCHANTS CREDIT GUIDE COMPANY, for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____/s/ Adam J. Krohn_____
[ ] Adam J. Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GREGORY FARRAR, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

    Plaintiff, GREGORY FARRAR, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, GREGORY FARRAR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_3-11-09_  
Date

_Gregory Farrar_  
GREGORY FARRAR

## **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I have a severe Heart Condition & I am being harassed._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3-11-09

_Gregory Farrar_
Signed Name

_Gregory Farrar_
Printed Name